IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SIU-FUNG CERAMICS HOLDINGS LIMITED<br>(HCCW no. 279 of 1999);<br><br>SIU-FUNG CERAMICS CONCEPT COMPANY LIMITED<br>(HCCW no. 280 of 1999);<br><br>NHD SYSTEMS (HOLDINGS) LIMITED<br>(HCCW no. 277 of 1999);<br><br>NHD SYSTEMS (ASIA) LIMITED<br>(HCCW no. 278 of 1999)<br><br>SIU FUNG CONCEPT LIMITED<br>(HCCW no. 510 of 2000);<br><br>LEE SIU FUNG, SIEGFRIED<br>(HCB no. 345 of 2001);<br><br>LEE SIU FUNG SIEGFRIED<br>(HCB no. 454 of 2023),<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 24- |

**VERIFIED PETITION PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1519, 1521, AND 1525 FOR ENTRY OF AN ORDER RECOGNIZING FOREIGN PROCEEDINGS AND GRANTING PROVISIONAL RELIEF (DISCOVERY)**

Alan CW Tang ("**Tang**"), Anita CM Hou ("**Hou**") and Terry LK Kan ("**Kan**") of Shinewing (HK) ("**Shinewing**") are the duly appointed Joint and Several Liquidators and/or Trustees and authorized foreign representatives (the "**Foreign Representatives**") of the above-captioned debtors (the "**Debtors**"), and hereby respectfully submit this verified petition in

229106493 v4

furtherance of the Form of Voluntary Petition filed concurrently herewith [*Docket Ref. No. 1*] (collectively, the "**Petition**"), for the entry of an order substantially in the form of the proposed order submitted herewith, pursuant to, *inter alia*, sections 105(a), 1504, 1507, 1515, 1517, 1519, 1521 and 1525(a) of Chapter 15 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"): (i) recognizing the bankruptcy proceedings of the Debtors pending in Hong Kong (the "**Hong Kong Proceeding(s)**"), as foreign main proceeding(s), pursuant to sections 1515 and 1517 of title 11 and giving rise to the effects of section 1520 of the Bankruptcy Code, (ii) alternatively, recognizing the Hong Kong Proceedings, or certain of them, as foreign non-main proceeding(s), (iii) granting permanent relief pursuant to, *inter alia*, sections 105(a), 1507(a), 1509(b)(2)-(3), 1521(a), and 1525(a) of the Bankruptcy Code, and (iv) granting provisional relief (discovery) pursuant to 11 U.S.C. § 1519(a)(3) and 1521(a)(4); all in support and furtherance of the liquidation or personal bankruptcy of the Debtors under the applicable bankruptcy laws of Hong Kong (the "**Hong Kong Law**").[1]

In support of the Petition, the Foreign Representatives respectfully state as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1410(1) because the Debtors have a place of business and /or principal assets in this judicial district. *See, inter alia,* Exhibits "A" and "E" to the Tang Declaration.

---

[1] Companies (Winding Up and Miscellaneous Provisions) (Amendment) Ordinance 2016 ("**CWUMPO**") (https://www.elegislation.gov.hk/hk/2016/14!en); Bankruptcy (Amendment) Ordinance 2005 (18 of 2005) (Commencement date: 10 December 2007) ("**HK Bankruptcy Ordinance**") https://www.elegislation.gov.hk/hk/cap6?xpid=ID_1438403511024_004).

3. The statutory predicates for the relief requested herein are, *inter alia*, sections 105(a), 1504, 1507, 1509, 1515, 1517, 1519, 1521 and 1525 of the Bankruptcy Code.

## II. BACKGROUND

4. The facts relevant to this Petition are as set forth in the accompanying declaration of Alan CW Tang (the "**Tang Declaration**") and attachments thereto, which are submitted electronically herewith as *Exhibit "1"*.[2]

5. The Debtors, Siu-Fung Ceramics Holdings Limited (HCCW no. 279 of 1999) ("**SFCH**"), Siu-Fung Ceramics Concept Company Limited (HCCW no. 280 of 1999) ("**SFCC**"), NHD Systems (Holdings) Limited (HCCW no. 277 of 1999) ("**NHD Holding**"), NHD Systems (Asia) Limited (HCCW no. 278 of 1999) ("**NHD Asia**") and Siu Fung Concept Limited (HCCW no. 510 of 2000) ("**SFC**," and together with SFCH, SFCC, NHD Holding, and NHD Asia, the "**Siu Fung Group**" and "**Siu Fung Debtors**") were wound up by orders of the Hong Kong High Court ("**HK High Court**") in 2000, on petitions filed by HSBC (and, for SFC, by Mr. Alan CW Tang as and for the then Special Managers of SFCC) (the "**Siu Fung Group Petitions**"). SFCH was the ultimate parent company (then a listed company in Hong Kong) of the Siu Fung Group. *See Tang Declaration at fn. 3.*

6. The Debtor, Mr. Lee Siu Fung, Siegfried ("**Lee**")[3] was adjudged bankrupt by order of the HK High Court on May 8, 2001, pursuant to a petition filed by HSBC (the "**First Lee Petition**"). By operation of the Hong Kong Law, Lee was discharged in 2005.[4] Lee was a major shareholder, Chairman and CEO of the Siu Fung Group. He gave personal guarantees for

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Tang Declaration. Copies of the documents appointing the Foreign Representatives as Liquidators and Trustees are annexed to the Tang Declaration as *Exhibit "A"*.

[3] Mr. Lee uses variants of this name and aliases in China, the USA and elsewhere. The Sui Fung Group and Lee are referred to herein, at times, as the "**Debtors.**"

[4] The second bankruptcy Petition in Hong Kong was filed against Lee by the Foreign Representatives on January 27, 2023 (the "**Second Lee Petition**"). *See Exhibit "D"* to Tang Declaration.

3

229106493 v4

the corporate debts of the Siu Fung Group to HSBC, as well as other bank creditors. *See Tang Declaration, Exhibit "C" and Joint Report, infra, at section 1.1.*

7. The Foreign Representatives have administered the Hong Kong Proceedings for many years.

8. The Tang Declaration, and exhibits thereto, detail the history of the Hong Kong Proceedings against the Debtors, all of which remain active and in administrative liquidation by the Foreign Representatives in Hong Kong.

9. Attached to the Tang Declaration as *Exhibit "E,"* is the latest Joint Report of the Foreign Representatives (the "**Joint Report**"), filed in the Hong Kong Proceedings on April 22, 2024, with the HK High Court.

10. The Joint Report, which was submitted confidentially under seal to the HK High Court, sets forth a detailed history of the (a) Debtors and their business dealings over the last three decades (and highlighting the siphoning off and hiding away of corporate assets by Lee since the mid-1990's); (b) Hong Kong Proceedings; and (c) Foreign Representatives' efforts to (i) recover the assets and interests of the Debtors and (ii) Lee's continuing schemes since the mid-1990's orchestrated solely to evade the Foreign Representatives discovery and recovery efforts.[5]

A. **Principal Assets and Interests of the Debtors in the United States**

11. As further set forth in the Tang Declaration and Joint Report, after siphoning off and transferring **hundreds of millions of dollars** of assets of the Debtors (before and after the filing of the Hong Kong Proceedings), Lee began using the Debtors' assets (or a part thereof) in connection with the Roy Group's real estate business activities in the United States. *Joint Report at 12.1, 16.1 and Exhibit "G" to the Tang Declaration (2022 and 2023 Roy Group Reports).*

---

[5] The Joint Report is being submitted to this Honorable Court under seal, as it was to the Hong Kong Court.

4

229106493 v4

12. Utilizing cash and assets of the Debtors that were hidden by Lee through transfers to relatives and offshore companies and /or bank accounts, Lee now operates various businesses in the United States (mostly real estate related).[6]

13. The Debtors, either directly or through the Roy Group, maintain assets and interests in the United States which include, *inter alia*, businesses and holdings in and around Houston, Texas and Los Angeles, California. *See Joint Report at 12.3; Tang Declaration Exhibit "G"*.[7] The Roy Group, through Lee, has registered businesses in Delaware, Texas and California. *See Joint Report and Tang Declaration at Exhibits "E" and "H."*

### III. RELIEF REQUESTED AND BASIS THEREFOR

14. By this Petition, the Foreign Representatives seek the following relief:

(a) Recognition pursuant to section 1517 of the Bankruptcy Code of the Hong Kong Proceedings as "foreign main proceedings" as defined in section 1502(4) of the Bankruptcy Code;

(b) Alternatively, recognition pursuant to section 1517 of the Bankruptcy Code of the Hong Kong Proceedings, or certain of them, as "foreign non-main proceedings" as defined in section 1502(5) of the Bankruptcy Code;

(c) All relief effective upon recognition of foreign proceedings automatically, pursuant to section 1520 of the Bankruptcy Code; or in the alternative, if not as of right under section 1520 of the Bankruptcy Code, then pursuant to sections 1521, 1507, 1525(a), and 105(a) of the Bankruptcy Code, as applicable, including, without limitation, a stay of the commencement or continuation of any individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities, including all assets of the Debtors in the United States;

---

[6] Many of these businesses are subsidiaries of the Roy Group of companies established by Lee with assets of the Debtors in or around 2016. *See Joint Report, Exhibit 22,* for corporate structure.

[7] The Debtors' assets and interests are now being operated by Lee under the guise of the "Roy Group." *Id.*

(d) Relief as available and deemed appropriate pursuant to sections 1519, 1521(a)(7), 1507, 1525(a), and 105(a) of the Bankruptcy Code; and

(e) Such other and further relief as is appropriate and just under the circumstances.

### A. This Case Concerns "Foreign Proceedings"

15. Chapter 15 of the Bankruptcy Code authorizes a "foreign representative" appointed in a "foreign proceeding" to seek recognition of that foreign proceeding by filing a petition in the United States Bankruptcy Court. *See* 11 U.S.C. §§ 1501, *et seq.* 11 U.S.C. § 101(23) provides, in pertinent part:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of restructuring or liquidation.

11 U.S.C. § 101(23).

16. U.S. bankruptcy courts interpret section 101(23) as imposing a seven-part test, each element of which must be satisfied before a proceeding may qualify as a "foreign proceeding" within the scope of Chapter 15. ABC Learning Centres, 728 F.3d at 307-08; In re Betcorp Ltd., 400 B.R. 266, 276-77 (Bankr. D. Nev. 2009); In re Ashapura Minechem Ltd., 480 B.R. 129, 136 (S.D.N.Y. 2012). The requisite elements are (i) the existence of a proceeding; (ii) that is either judicial or administrative in nature; (iii) that is collective in nature; (iv) in a foreign country; (v) authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation. Id.

17. The Hong Kong Proceedings satisfy each of these elements:

6

229106493 v4

(a) The Hong Kong Proceedings are bankruptcy proceedings under the Hong Kong Law.[8]

(b) A proceeding is deemed "judicial in nature" under section 101(23) where the proceeding is subject to review by a court. Betcorp, 400 B.R. at 280-81. The Hong Kong Proceedings are subject to the Hong Kong Law. The HK Bankruptcy Ordinance and CWUMPO give the HK High Court full power to adjudicate matters presented in connection with the Hong Kong Proceedings and, in fact, it has exercised such powers numerous times during those proceedings[9].

(c) Section 101(23) also requires the proceeding be "collective." The legislative history of Chapter 15 notes that it adopts the definition of foreign proceedings nearly verbatim from the Model Law. See House Report 109-31, pt. 1, 109th Cong., 1st Sess. (2005) ("**H.R. Rep.**") at 118. It also directs reference to the Model Law and the Guide as aids to interpreting Chapter 15. Id. at 109. The Guide, in turn, takes a broad view of collective proceedings which may include "a variety of collective proceedings…be they compulsory or

---

[8] *Supra f.n.1*; several U.S. bankruptcy courts have accepted that cases pending in the Hong Kong Court comprise "proceedings" by granting chapter 15 recognition to those cases. See, In re Moulin Global Eyecare Holdings Ltd., No. 06-30018 (Bankr. N.D. Cal., *Docket Ref. No. 45*, Mar. 3, 2006); In re Petition of the Official Receiver and Trustee of the Property of William Hung Yu Yang, No. 06-13022 (Bankr. S.D.N.Y., *Docket Ref. No. 14*, May 17, 2007); In re De Coro Ltd., No. 09-10369 (Bankr. M.D.N.C., *Docket Ref. No. 36*, Apr. 2, 2009); In re Lee, 472 B.R. 156 (Bankr. D. Mass. 2012); In re Hung Viet Derrick LUU, No. 14-14085 (Bankr. C.D. Cal., *Docket Ref. No. 22*, April 18, 2014). In re The Grande Holdings Ltd., No. 11-41459 (Bankr. C.D. Cal., *Docket Ref. No. 25*, Aug. 3, 2011). These cases follow the tradition established under former section 304 of the Bankruptcy Code, the predecessor to chapter 15, of deference to proceedings emanating from former British Commonwealth countries and Hong Kong in particular ("…a sister common law jurisdiction"). See, In re Axona Int'l Credit & Commerce Ltd., 88 B.R. 597, 609-10 (Bankr. S.D.N.Y. 1988), aff'd, 115 B.R. 442 (S.D.N.Y. 1990) (granting comity to winding up proceedings under the Hong Kong Companies Ordinance). Of these cases, four were under the winding up provisions of the Companies Ordinance (Axona, 88 B.R. at 600); Moulin (Memorandum of Points and Authorities, p. 10, *Docket Ref. No. 4*); DeCoro (Order Granting Recognition); and Grande (Verified Petition, Ex. A, *Docket Ref. No. 6* and Memorandum of P&A, pg. 3, *Docket Ref. No. 7*). Lee (472 B.R. at 169), Yu Yang (supra, *Docket Ref. No. 2*) and Hung Viet Derrick (chapter 15 Petition and Exhibits, pp. 9-10, *Docket Ref. No. 1*) were under the Hong Kong Bankruptcy Ordinance.

[9] And as recently as June 26, 2024, when Lee's son (Surasak) was examined in the HK High Court concerning assets and affairs of the Debtors. *See Joint Report and Tang Declaration* detailing the HK High Court's supervision of the Hong Kong Proceedings; See https://www.elegislation.gov.hk/hk/cap6?xpid=ID_1438403512335_004; https://www.elegislation.gov.hk/hk/cap32?xpid=ID_1438402995712_002.

7

229106493 v4

voluntary, corporate or individual, winding-up or reorganization." Guide, ¶ 71. Case law takes a similar approach. Betcorp, 400 B.R. at 281; In re Gold & Honey, Ltd., 410 B.R. 357, 370 (Bankr. E.D.N.Y. 2009).

    (d)    Here, the Hong Kong Proceedings are collective in nature. The Hong Kong Proceedings consist of five collective corporate bankruptcy proceedings under the Hong Kong Law. There are two individual bankruptcy proceedings pending where Lee is the Debtor (one filed against him by HSBC and the second filed by the Foreign Representatives), pursuant to the First and Second Lee Petitions. There is also the corporate winding-up (liquidation) proceedings of the Siu Fung Debtors, pursuant to the Siu Fung Group Petition. *See Tang Declaration, Exhibits "B-D" and Joint Report.*

    (e)    The Hong Kong Proceedings are indisputably taking place in China (Hong Kong Special Administrative Region), a foreign country.

    (f)    The Hong Kong Proceedings take place under the Hong Kong Law, a type of law that was contemplated by the UNCITRAL Model Law on which Chapter 15 is based, and which has been held to be "a law relating to insolvency or adjustment of debt."[10] Betcorp, 400 B.R, at 282.

    (g)    Court supervision is in place by the HK High Court in the Hong Kong Proceedings. *See Joint Report and Tang Declaration.*

18.    "Supervision or control of the company's affairs is not a demanding standard. The foreign court need not control the day-to-day operations of the debtor." Armada (Singapore)

---

[10] *See* UNCITRAL, Working Group on Insolvency Law, Draft Legislative Provisions on Judicial Cooperation and Access and Recognition in Cases of Cross-border Insolvency, p. 9, at n. 2, U.N. Doc. A/CN.9/WG.V/WP.44 (Mar. 8, 1996) (explaining that the phrase "or other law relating to insolvency" is intended to "allude to the fact that liquidations ... might be conducted under other than, strictly speaking, insolvency laws" and giving the example of company laws), available at http:// www. uncitral. org/ pdf/ english/travaux/insolvency/acn9-wg5-wp44-e.pdf.

Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.), 480 B.R. 129, 138 (S.D.N.Y. 2012). Bankruptcy courts in the United States have previously recognized Hong Kong proceedings as "foreign proceedings" for purposes of section 1517 of the Bankruptcy Code. See, e.g., In re De Coro, Ltd., 2010 Bankr. LEXIS 4606, *3 (Bankr. M.D.N.C. Dec. 13, 2010); In re Axona Int'l Credit & Commerce, Ltd., 88 B.R. 597 (Bankr. S.D.N.Y. 1988) (under pre-Chapter 15 law) In re Manley Toys Limited, 580 B.R. 682 (Bankr. D. N.J. 2018).

19. The Hong Kong Proceedings are indisputably for the purpose of adjudicating the bankrupt Debtors. Proceedings are ongoing with the Foreign Representatives having filed the Joint Report recently with the Court and the docket reflecting an examination hearing in the matter on June 26, 2024. *Tang Declaration at para 9.*

20. The second requirement under section 1517 is that the foreign representative applying for recognition be a person or a body authorized to act on behalf of the foreign proceeding. 11 U.S.C. § 1517(a)(2). The Foreign Representatives are turnaround and liquidation specialists in Hong Kong[11] and are members of ShineWing Certified Public Accountants. The Foreign Representatives fall within the definition of a "person" as defined in section 101(41) of the Bankruptcy Code to include an "individual." Section 101(24) defines the term "foreign representative" as being "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." Section 101(24). This definition of foreign representative does not require that the individual be appointed by a foreign court or other judicial body. Vitro, 701 F.3d at 1047.[12] Instead, it is

---

[11] Both Alan Tang and Terry Kan represented Hong Kong and took up (on separate terms) directorship on the Board of Directors of INSOL International.

[12] *See also,* In re OAS S.A., 533 B.R. 83, 94-95 (Bankr. S.D.N.Y. 2015).

229106493 v4

sufficient that the foreign representative be authorized to act "in the context" of a foreign bankruptcy proceeding. Id. at 1047, 1049 (affirming recognition of foreign representatives nominated by boards of directors).

21. Here, the Foreign Representatives were nominated by creditors in general meetings, appointed by the HK High Court as to the Siu Fung Debtors and supervised by the committee of creditors ("**Committee**"); and as authorized by the Official Receiver of Hong Kong, as to Lee for the First Lee Petition. *See, Tang Declaration, Exhibit "A"*.

22. The Petition self-evidently meets the requirements of section 1515, as required by section 1517(a)(3). Copies of the bankruptcy petitions and related orders entered in the Hong Kong Proceedings (with seals affixed) are part of the Tang Declaration at Exhibits "B-D".

23. The final requirement of section 1517, as set forth in section 1517(b), is that the foreign proceeding be either a foreign main or a foreign non-main proceeding.

24. The Siu Fung Debtors were (and are) all Hong Kong registered companies,, with addresses in Hong Kong and which remain in liquidation under the auspices of the Foreign Representatives and the HK High Court. *Joint Report, section 2.1 and Tang Declaration at para. 1.*

25. The Foreign Representatives have effectively been "standing in the shoes" of the Siu Fung Debtors, as liquidators and trustees of those corporate/personal Debtors, in Hong Kong, for quite some time. *See Joint Report and Tang Declaration*.[13]

26. Mr. Lee's limited term US driver's license lists a residence at 810 Skimmer Court, Sugarland, Texas. Lee also apparently resides, at times, in a home (owned by him through one

---

[13] The Foreign Representatives have also been "standing in the shoes" of Lee as a debtor in Hong Kong since 2001.

the ROY Group's myriad of holding entities) in Pasadena California ("**Pasadena Home**"). *See Exhibit M to Tang Declaration and Joint Report at section 11.*

27.  It is believed that Mr. Lee is not a permanent resident of the United States. He is believed to work, at times, temporarily in the United States pursuant to an L-1 Visa. *See Tang Declaration at para. 31.*

28.  From 2005 through 2017, Lee represented to the HK High Court, through filed "Affirmations," that he maintained residential addresses in China. *See Tang Declaration Exhibit "L".*

29.  Indeed, following filing of his personal bankruptcy in Hong Kong in 2001, Lee lived in mainland China and used his assets and assets of the Siu Fung Group (principally in China), to re-position his business ventures to avoid the Debtors' obligations owed to creditors and evade the investigations of the Foreign Representatives. *See Joint Report and Tang Declaration at para. 17.*

30.  On June 24, 2020, in support of filing a Notice to Act (in person), Lee represented to the HK High Court, via his "Affirmation," that he maintained an address in Germany. *See Tang Declaration, paras 27-28 and Exhibit "L."*

31.  The German address provided by Lee is actually the registered address of ROY Asset Holding SE, the entity Lee utilizes as a holding company for the Debtors' assets he siphoned off and transferred and which he has "parked" in, among other places, the British Virgin Islands, Singapore and the United States. *See Joint Report, and Exhibit 22 thereto.*

32. The Roy Group's website lists Lee as the CEO of the Roy Group although he now claims to be the CFO of the company. *https://royasset.de/en/company/management; Exhibit G to Tang Declaration.*[14]

33. The HK High Court set aside the application for Notice to Act filed by Lee, by Order dated October 9, 2020.

34. The Debtors, including Lee, maintain an "establishment" in China as that term is defined by 11 U.S.C. § 1502(2).

35. The Debtors (or some of them) continued to carry on business in China in essentially the same manner as they did pre-petition, albeit cloaked in layers of corporate morass through Mainland China, Hong Kong, BVI, Germany and the United States. *Joint Report, Exhibit 22, Tang Declaration, Exhibits "E" and "G".*

36. In 2015, ROY Asset Holding SE (then known as ROY Ceramics SE) issued a press release indicating that ROY Ceramics SE, basically utilizing the same Chinese company Lee and his family had been operating for decades, continued to do business in China. *See Tang Declaration Exhibit "G".*[15]

37. As of 2018, Lee was interviewed for a news article by the China Daily which detailed that he and his family were still heavily involved in the sanitary ware market in China, having bought back the factory in Beijing where such product was produced. *See Tang Declaration, paras. 16-17, Exhibit "G".*

38. As of 2022, Lee continued to hold himself out in a public financial statement for the Roy Group as an "entrepreneur in Hong Kong." *See Tang Declaration para. 32, Exhibit "G".*

---

[14] The website's homepage displays the **Travis building in Houston, Texas** as the flagship holding of the Roy Group.

[15] Lee is the CEO of Roy Asset Holding SE. *See Tang Declaration Exhibit* "H". The 2023 Roy Group financial report lists Lee as the CFO. *Exhibit "G" to Tang Declaration.*

12

39. In that same 2022 financial statement, the Roy Group disclosed that the company's U.S. subsidiary provides the Pasadena Home to Lee when he is in the United States. *Id.*

40. Consequently, the Hong Kong Proceedings are entitled to recognition under section 1517 of the Bankruptcy Code because (i) the Hong Kong Proceedings are foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code and are foreign main proceedings within the meaning of section 1502(4) of the Bankruptcy Code, as the Hong Kong Proceedings are pending where the Debtors have their centers of main interest ("Hong Kong") (ii) the Foreign Representatives are foreign representatives within the meaning of section 101(24) of the Bankruptcy Code; and (iii) the Petition meets the requirements of section 1515 of the Bankruptcy Code.

41. Alternatively, the Hong Kong Proceedings are entitled to recognition under section 1517 of the Bankruptcy Code because (i) the Hong Kong Proceedings, or certain of them, are foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code and are foreign non-main proceedings within the meaning of section 1502(5) of the Bankruptcy Code, as the Hong Kong Proceedings are pending where the Debtors have an establishment; (ii) the Foreign Representatives are foreign representatives within the meaning of section 101(24) of the Bankruptcy Code; and (iii) the Petition meets the requirements of section 1515 of the Bankruptcy Code.

42. Granting recognition would not contravene the public policy of the United States, as prohibited by section 1506 of the Bankruptcy Code. To the contrary, recognition of the Hong Kong Proceedings will promote the United States' policy of respecting foreign proceedings as set forth in, *inter alia*, sections 1501(a) and 1508 of the Bankruptcy Code, and further

cooperation between global courts to the maximum extent possible, as mandated by section 1525(a) of the Bankruptcy Code. The Foreign Representatives therefore submit that the conditions for recognition of the Hong Kong Proceedings under section 1517 of the Bankruptcy Code have been satisfied.

### B. This Case Was Properly Commenced

43. This Chapter 15 case was properly commenced in accordance with sections 1504 and 1515 of the Bankruptcy Code by the filing of this Petition under section 1515(a), accompanied by all documents and information required by sections 1515(a-c), including, but not limited to: (i) the foreign Petitions and Orders; (ii) the letter of resolution and related documents appointing and substituting the Foreign Representatives; (iii) additional evidence under 1515(c) that the Hong Kong Proceedings remain pending and active[16]; and (iv) a statement identifying all "foreign proceedings" with respect to the Debtor which are known to the Foreign Representatives. Accordingly, the requirements of section 1515 of the Bankruptcy Code have been met.

### C. Provisional Relief Requested

44. Section 1519(a) of the Bankruptcy Code permits the Court to grant "relief of a provisional nature" from the time of filing of a petition for recognition until the Court rules on that petition, where such relief is "urgently needed to protect the assets of the debtor or the interest of the creditors," including:

(a) Any relief referred to in paragraphs (3), (4), or (7) of section 1521(a).

See, 11 U.S.C. § 1519(a).

45. Section 1521(a) of the Bankruptcy Code provides, in pertinent part:

---

[16] *See Joint Report.*

> (a) Upon recognition of a foreign proceeding, whether main or non-main, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including—
>
> (4) **providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities** (emphasis supplied);

11 U.S.C. § 1521(a).

46. Without waiver of the Foreign Representatives' right to seek additional interim relief, the Court is respectfully requested to enter provisional relief pursuant to 11 U.S.C. § 1519(a)(4), authorizing the Foreign Representatives to take such discovery as may be necessary and appropriate in connection with the administration and realization of all of the Debtors' property and assets, including, without limitation, providing for the examination of witnesses, taking of evidence and delivery of information concerning the Debtors' assets, affairs, rights, obligations and liabilities, including assets in the United States.

47. The discovery sought is necessary in order to enable the Foreign Representatives to understand the full extent of the status and location of all property and assets of the Debtors, including those located in the United States, and to enable them to seek recovery thereof in a timely manner. *See, e.g.,* In re Pro-Fit Holdings Ltd., 391 B.R. at 860 (recognizing that the provisional relief available to a foreign representative under section 1519 "includes the examination of witnesses pursuant to Rule 2004 and the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities") (citing 11 U.S.C. § 1521(a)(4)).

48. Pursuant to 11 U.S.C. § 1521(a), the Foreign Representatives request that the relief requested remain in effect after the Court's entry of an order recognizing the Hong Kong Proceedings.

49. Such relief will continue to be appropriate upon recognition of the Hong Kong Proceedings because (i) such relief is "necessary to effectuate the purpose of Chapter 15 and to protect the assets of the debtor or the interest of the creditors," as set forth in 11 U.S.C. § 1521(a); (ii) section 1521(a)(6) of the Bankruptcy Code specifically authorizes the Court's entry of an order "extending relief granted under section 1519(a)"; and (iii) all such relief is specifically authorized by section 1521(a)(2)-(5) of the Bankruptcy Code.

50. In addition, the Foreign Representatives respectfully request that, upon recognition of the Hong Kong Proceedings, the Court entrust the distribution of all of the U.S. assets to them, as expressly permitted under 11 U.S.C. § 1521(b).

## IV. CONCLUSION

51. The Foreign Representatives, in their capacity as duly appointed liquidators and trustees of the Debtors in the Hong Kong Proceedings, are entitled to entry of an order recognizing the Hong Kong Proceedings as a "foreign main proceeding" or, alternatively, as foreign non-main proceedings and recognizing the them as "foreign representatives" of the Debtors as a matter of law because all of the statutory elements for recognition of the Hong Kong Proceedings under Chapter 15 of the Bankruptcy Code have been satisfied. Specifically:

(a) The Hong Kong Proceedings are foreign main proceeding under 11 U.S.C. § 1502(4) or foreign non-main under subsection (5) of the Bankruptcy Code;

(b) Recognition of the Hong Kong Proceedings would not be contrary to United States public policy under 11 U.S.C. § 1506, and would further the purpose and policy of Chapter 15, as well as principles of comity;

(c) Each of the Foreign Representatives is a "person" and a "foreign representative" authorized to represent the Debtors in connection with the Hong Kong Proceedings and this proceeding;

229106493 v4

(d) The Foreign Representatives have complied with all of the requirements of 11 U.S.C. § 1515 and Bankruptcy Rule 2002; and, .

(e) The Foreign Representatives are entitled to provisional relief under 11 U.S.C. §§ 1519(a)(3) and 1521(a)(4), as discovery is necessary to ascertain, preserve and protect the assets of the Debtors.

52. No prior application for the relief sought herein has been made or granted in this, or any other court.

WHEREFORE, the Foreign Representatives respectfully request that this Court grant the Petition and enter an Order, substantially in the form of the proposed Order Granting Recognition and Provisional Relief annexed hereto, together with such other and further relief as may be just, equitable and proper.

Dated: July 19, 2024

ARCHER & GREINER
A Professional Corporation

/s/ *Stephen M. Packman*
Stephen M. Packman, Esquire
Jiangang "James" Ou, Esquire
Brian M. Gargano, Esquire
3040 Post Oak Blvd. Suite 1800-150
Houston, Texas 77056-6541
Ph: 713-970-1066
Fax: 713-583-9518
spackman@archerlaw.com
jou@archerlaw.com
bgargano@archerlaw.com

229106493 v4

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Alan CW Tang declares as follows:

I am a member and duly authorized agent of Shinewing (HK) and have been appointed as a foreign representative of the Debtor pursuant to Resolution or Orders of the HK High Court. I have full authority to verify the foregoing Verified Petition Pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1519, 1521, and 1525, for Entry of an Order Recognizing Foreign Proceedings and Granting Provisional Relief (the "Petition"). I have read the foregoing Petition, and am informed and do believe that the allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 7/19/2024

ALAN CW TANG, *Joint and Several Liquidator of the Siu Fung Group and Joint and Several Trustee of Lee Siu Fung Siegfried a/k/a Siu Fung Siegfried Lee*

229106493 v4