IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> SIU-FUNG CERAMICS HOLDINGS LIMITED <br> (HCCW no. 279 of 1999); <br><br> SIU-FUNG CERAMICS CONCEPT COMPANY LIMITED <br> (HCCW no. 280 of 1999); <br><br> NHD SYSTEMS (HOLDINGS) LIMITED <br> (HCCW no. 277 of 1999); <br><br> NHD SYSTEMS (ASIA) LIMITED <br> (HCCW no. 278 of 1999) <br><br> SIU FUNG CONCEPT LIMITED <br> (HCCW no. 510 of 2000); <br><br> LEE SIU FUNG, SIEGFRIED <br> (HCB no. 345 of 2001); <br><br> LEE SIU FUNG SIEGFRIED <br> (HCB no. 454 of 2023), <br><br> Debtors in Foreign Proceedings. | Chapter 15 <br><br> Case No. 24-33299 (CML) |

**EMERGENCY MOTION OF FOREIGN REPRESENTATIVES FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE A CERTAIN EXHIBIT UNDER SEAL**

Alan CW Tang (**"Tang"**), Anita CM Hou (**"Hou"**) and Terry LK Kan (**"Kan"**) of Shinewing (HK) (**"Shinewing"**), the duly appointed Joint and Several Liquidators and/or Trustees and authorized foreign representatives (the **"Foreign Representatives"**) of the above-captioned debtors (the **"Debtors"**), by and through their undersigned counsel, hereby file this

229102506 v7

*Emergency Motion of Foreign Representatives for Entry of an Order Authorizing Them to File a Certain Exhibit Under Seal* (this "**Motion**"), and in support thereof states as follows:

## RELIEF REQUESTED

1. The Foreign Representatives request entry of an order, substantially in the form attached hereto as **Exhibit "A"** (the "**Order**"), allowing them to (a) file Exhibit "E" to the *Declaration of Alan CW Tang in Support of Verified Petition for Entry of an Order Recognizing Foreign Proceedings and Granting Provisional Relief (Discovery)* [Docket No. 2] (the "**Tang Declaration**") under seal; (b) directing that Exhibit "E" remain under seal and confidential and not be made available to anyone, without prior written consent of the Foreign Representatives, except to (i) the Court (as defined herein), (ii) the Office of the United States Trustee for the Southern District of Texas (the "**UST**"), and (iii) any other party as may be ordered by the Court or agreed to by the Foreign Representatives, in each case under an appropriate confidentiality agreement reasonably satisfactory to the Foreign Representatives that preserves the confidentiality of the Exhibit "E" and the information contained therein.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief request herein are 11 U.S.C. §§ 105(a) and 107(b), Bankruptcy Rule 9018 and Local Bankruptcy Rules for the Southern District of Texas 9013-1 and 9037-1.

## BACKGROUND

5. On July 19, 2024, the Foreign Representatives filed the Declaration.

2

229102506 v7

6. Exhibit "E" to the Declaration is a Joint Report (the "**Joint Report**") submitted by the Foreign Representatives to the High Court of the Hong Kong Special Administrative Region, Court of First Instance (the "**HK High Court**") on April 22, 2024, under seal. The Joint Report remains under seal pursuant to the order or equivalent entered in the HK High Court (the "**HK Seal Order**"). A copy of the HK Seal Order will be provided upon receipt from the Foreign Representatives who are in the process of obtaining a copy of it from the HK High Court.

7. The Joint Report is submitted to this Honorable Court, as Exhibit "B," for its in camera review.

8. The Joint Report details, *inter alia*, sensitive and confidential information regarding the Foreign Representatives investigations of the Debtors, which is why it was submitted to the HK High Court under seal.

9. The Foreign Representatives seek this Court's authority to allow them to maintain the confidentiality of the Joint Report, subject to any limited disclosure which the Court might require.

## BASIS FOR RELIEF

10. 11 U.S.C. § 105(a) empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11. 11 U.S.C. § 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See, In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995). This section provides, in pertinent part, that "[o]n request for a party in interest, the bankruptcy court shall, and on the bankruptcy courts' own motion, the bankruptcy court may (1)

protect an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1).

12. The procedure by which a party may move for relief under 11 U.S.C. § 107(b) is found in Bankruptcy Rule 9018, which provides, in pertinent part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect to a trade secret other confidential research, development or commercial information."

13. Further, Local Bankruptcy Rule 9037-1 provides, in part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

14. Information pertaining to confidential investigations is often kept under seal by courts. *See, Sealing Court Records and Proceedings: A Pocket Guide*, Robert Timothy Reagan, Federal Judicial Center 2010, at page 4.

15. Public disclosure of the Joint Report will run contrary to the submission of same under seal to the HK High Court. Further, it could very well jeopardize the ongoing investigations of the Foreign Representatives of the Debtors, including their fraudulent scheme to transfer and shield assets of the Debtors from the Foreign Representatives and creditors.

16. The Foreign Representatives, therefore, assert that good cause exists to authorize them to file the Exhibit under seal.

## EMERGENCY CONSIDERATION

17. The Foreign Representatives respectfully request emergency consideration of this Motion pursuant to Local Bankruptcy 9013-1(i). This Motion solely requests procedural relief which is necessary to preserve the confidentiality of the Foreign Representatives investigations

of the Debtors. Accordingly, the Foreign Representatives request that the Court approve the relief requested on an emergency basis.

## NOTICE

16. Notice of the relief requested in this Motion has been given electronically by the Court's Electronic Case Filing System on those parties, if any, registered to receive electronic notice in this proceeding and by email to the Office of the United States Trustee. The Foreign Representatives submit that under the circumstances, the foregoing notice is sufficient and appropriate notice.

17. No previous request for the relief sought herein has been made by the Foreign Representatives to this or any other court.

WHEREFORE, for the reasons stated herein, the Foreign Representatives respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

Dated: July 25, 2024

By: */s/ Stephen M. Packman*
Stephen M. Packman, Esquire
Douglas G. Leney, Esquire (*pro hac vice* pending)
Jiangang ("James") Ou, Esquire
Brian M. Gargano, Esquire
Archer & Greiner, P.C.
3040 Post Oak Boulevard
Suite 1800-150
Houston, TX 77056-6541
Phone: (713) 970-1066
Fax: (713) 583-9518
spackman@archerlaw.com
dleney@archerlaw.com
jo@archerlaw.com
bgargano@archerlaw.com

*Attorneys for Foreign Representatives*

229102506 v7