IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> SIU-FUNG CERAMICS HOLDINGS § <br> LIMITED § <br> (HCCW no. 279 of 1999); § <br> § <br> SIU-FUNG CERAMICS CONCEPT § <br> COMPANY LIMITED § <br> (HCCW no. 280 of 1999) § <br> § <br> NHD SYSTEMS (HOLDINGS) LIMITED § <br> (HCCW no. 277 of 1999) § <br> § <br> NHD SYSTEMS (ASIA) LIMITED § <br> (HCCW no. 278 of 1999) § <br> § <br> SIU FUNG CONCEPT LIMITED § <br> (HCCW n. 510 of 2000) ; § <br> § <br> LEE SIU FUNG, SIEGFRIED § <br> (HCB n. 345 of 2001) § <br> § <br> LEE SIU FUNG, SIEGFRIED § <br> (HCB n. 454 of 2023) § <br> § <br> [*INCORRECTLY IDENTIFIED AS*] § <br> Debtors in Foreign Proceedings. § | Chapter 15 <br><br> Case 24-33299 |

**SF Siegfried Lee's Motion to Dismiss under Rule 12(b) and Response to Notice of Hearing, or in the alternative, Motion to Stay Pending Plaintiff's California Lawsuit**

Defendant SF Siegfried Lee presents this Motion to Dismiss under Federal Rule of Civil Procedure 12(b) and as a response opposing a Notice of Recognition Hearing on Foreign Proceedings, or in the alternative a Motion to Stay these proceeding pending the results of a prior litigation filed by Plaintiffs Tang and Hou in California on these same issues, and in support, would shows as follows:

i

## Table of Contents

I. Summary ................................................................................................................. 1

II. Background Facts: Mr. Lee was discharged from Bankruptcy in 2005, and he left Hong Kong in 2016. ................................................................................................................. 1

III. Arguments for Dismissal under Rule 12(b) and Against Recognition of a Foreign Order  2

    A. Plaintiffs did not serve process to Mr. Lee. ................................................................ 2

    B. Plaintiffs fail to state a claim under Rule 12(b)(6) and fail the standards of Chapter 15 because Mr. Lee was discharged from bankruptcy in 2005 and left Hong Kong permanently in 2016, meaning Plaintiffs do not have a foreign bankruptcy order under Chapter 15 or a foreign main or non-main proceeding. ................................................................................ 3

    C. Plaintiffs fail to state a claim under Rule 12(b)(6) or Chapter 15 because the two-year statute of limitations has expired. ................................................................................ 7

    D. Plaintiffs' Seven Factor test fails. ............................................................................... 8

IV. Statement Opposing Provisional Relief ............................................................................. 9

V. In the Alternative, Motion to Stay pending California Litigation or to Permit Discovery from Plaintiffs ................................................................................................................. 9

VI. Conclusion ................................................................................................................. 11

I.  Summary

Plaintiffs Tang, Hou, and Kan have filed a Verified Petition (ECF Doc. 2) as a lawsuit against SF Siegfried Lee – in the guise of a bankruptcy proceeding – seeking to enter orders against Mr. Lee for money recovery and discovery, but without following the Federal Rules of Civil Procedure for Service of Process.  Plaintiffs are rushing into a hearing to misapply Chapter 15 against Mr. Lee who was discharged from bankruptcy in Hong Kong in 2005 and who left Hong Kong permanently in 2016 and who does not own assets in Hong Kong.  Plaintiffs Tang and Hou have also brought a California lawsuit to domesticate the order at issue here, which has issues of lack of procedural due process.  Their attempt to bring this adversarial bankruptcy suit is an improper attempt to evade discovery in California.

Plaintiffs' petition fails because there is no foreign main proceeding or non-main proceeding to certify.  11 USC § 1517.  Plaintiffs filing new summons in 2020 in Hong Kong against Mr. Lee in his absence, is not a "Cross-Border Insolvency" under 11 U.S.C. § 1501.  Plaintiff filing suit on new claims 19 years after Mr. Lee was discharged, is untimely under 11 U.S.C. § 108.

If the Court does not dismiss this faulty Chapter 15 filing, Mr. Lee asks that this case be stayed for him to take discovery in the California case or to permit discovery of what Plaintiffs have done in Hong Kong before having an evidentiary hearing.

**II.  Background Facts:  Mr. Lee was discharged from Bankruptcy in 2005, and he left Hong Kong in 2016**

Plaintiffs' Petition is based on old bankruptcy filings in Hong Kong from 1999 and companies that were wound up in 2000.  *See* ECF Doc. 2, para. 5.  For this winding up, costs were ordered to be paid for from assets of "said Company," not by Mr. Lee.  *See* Plaintiff's ECF Doc. 2-3 at p. 25, 32, and 39.  Siegfried Lee was bankrupted by the failure of the companies.  Plaintiffs

1

state that SF Siegfried Lee was adjudged bankrupt in 2001 and was discharged in 2005. *See* ECF Doc. 2, para. 6.

In 2012, Mr. Lee obtained a certificate from the Hong Kong court, recognizing that his discharge was effective on May 8, 2005. *See* Exhibit 1. There are no orders for payment. The court did not retain jurisdiction. Mr. Lee was discharged.

Mr. Lee is a British citizen. In 2014, Mr. Lee obtained a B2 visa and founded a company in the United States (Roy USA, Inc.). In August 2016, Mr. Lee completely left Hong Kong and moved to California on an F2 visa. Mr. Lee does not own any property in Hong Kong. Mr. Lee obtained an L1 visa in November 2018 (extended in November 2021), and an I-140 in January 2022. Mr. Lee has not set foot in Hong Kong since at least when Covid started, which was in January of 2020, prior to the orders that Plaintiffs seek to enforce.

These facts are verified by the affidavit of Mr. Lee in Exhibit 2.

### III. Arguments for Dismissal under Rule 12(b) and Against Recognition of a Foreign Order

Plaintiffs' bankruptcy filing should be dismissed for the following reasons.

### A.  Plaintiffs did not serve process to Mr. Lee.

Plaintiffs filed this case as an adversarial proceeding against Siegfried Lee, seeking to take an order against him for monetary payments with discovery of assets. Bankruptcy Rule 7004 requires service of process under Federal Rule of Procedure 4. Plaintiffs have not even attempted to have a summons issued, much less served. These are important safeguards for Defendants like Mr. Lee to have a fair procedure and time to prepare his defenses. Plaintiffs are asking for an order for a substantial sum of money for an ex-parte order in a country that Mr. Lee left behind. Mr. Lee should have the rights afforded by federal law.

Plaintiffs' case should be dismissed under Federal Rules of Civil Procedure 12(b)(4) for insufficient process and Rule 12(b)(5) for insufficient service of process. Mr. Lee's counsel

2

received a copy of the notice of hearing by US Mail.  That is not a summons, and it does not afford time to prepare a defense for any impact of Hong Kong law.  Federal Rule of Bankruptcy Procedure 7012 applies Rule 12(b) in bankruptcy cases.

**B. Plaintiffs fail to state a claim under Rule 12(b)(6) and fail the standards of Chapter 15 because Mr. Lee was discharged from bankruptcy in 2005 and left Hong Kong permanently in 2016, meaning Plaintiffs do not have a foreign bankruptcy order under Chapter 15 or a foreign main or non-main proceeding.**

It is undisputed that Mr. Lee was discharged from bankruptcy proceedings in Hong Kong on May 8, 2005.  *See* Exhibit 1 Certificate of Discharge, and Plaintiff's Petition at para 6 (ECF Doc 2).  The Certificate of Discharge shows that through October 10, 2012, there were no orders against Mr. Lee.  *See* Exhibit 1.

Mr. Lee's affidavit verifies that he left Hong Kong permanently in 2016.  He does not own any assets there.  He has not returned there at any time in 2020 or afterwards.  Plaintiff has not identified any fact to the contrary.  Plaintiff attaches a news article at ECF Doc. 2-8 p. 5. Defendant objects this is hearsay.  Nevertheless, all it states is that Mr. Lee was in Hong Kong in the 1990s. Similarly, Plaintiff attaches a corporate document at ECF Doc. 2-8, p. 16.  Defendant objects this is hearsay.  Nevertheless, it states that Mr. Lee holds United Kingdom nationality.  Mr. Lee was simply not in Hong Kong from 2020 to present.

Plaintiffs took advantage of Mr. Lee's absence from Hong Kong by filing a new summons in a bankruptcy court, citing the old, discharged case.  Plaintiff Tang's affidavit at ECF Doc. 2-1 p. 8, para. 26 alleges that in June and December of 2020, Plaintiff obtained orders against Mr. Lee for HK $5,673,133 plus interest and HK $127,600.  A document produced by Plaintiff in the California case, shows this was based on a summons filed (but not produced) in January 22, 2020. *See* Exhibit 5, dated June 15, 2020, and Exhibit 3, Plaintiffs' First Amended Petition with attached orders.  This is the same time that the Covid pandemic shut down travel.  Mr. Lee was not in Hong

3

Kong and never returned there. This is also nearly 15 years after Mr. Lee was discharged from the bankruptcy. Against the prior orders of the court, Plaintiff sought to tax Mr. Lee for costs of the entire bankruptcy for all the wound-up companies. The order was entered because of Mr. Lee's absence during a pandemic, without ever serving process, in a country he no longer resided, against prior court orders that the Companies bore their own expenses, and relating to a bankruptcy case that Mr. Lee had been discharged from more than 15 years previously.

Plaintiff does not have a bankruptcy order that fits within the meaning and purpose of Chapter 15. The purpose of Chapter 15 was to "to incorporate the Model Law on Cross-Border Insolvency." 11 U.S.C. § 1501. Here, there is no cross-border insolvency. Instead, Plaintiffs are seeking recognition of foreign court orders, but without following state law for enforcement of foreign judgements. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE §35.001, et seq. (requiring a final judgment). Plaintiffs are aware of this, because Plaintiffs filed suit in California against Mr. Lee for this exact issue. *See* Exhibit 3, Plaintiffs' First Amended Petition. This case is currently pending. However, Plaintiffs fail to show that they have a judgment from a foreign court or that they served process to Mr. Lee in Hong Kong. Plaintiffs have now refused a deposition in the California matter. *See* Exhibit 4, email and objections. Instead, Plaintiffs are attempting to use this court to evade procedural due process and obtain an order against Mr. Lee.

Despite Mr. Lee being discharged from the Hong Kong proceedings in 2005, Plaintiffs are attempting to exploit the fact that Mr. Lee left Hong Kong in 2016, by filing new claims and lying to the Court in Hong Kong about Mr. Lee's residency.

In 2020, Plaintiff filed new summons in Hong Kong based on allegations in a long-discharged case from 2005. Plaintiffs filed a second petition in Hong Kong in January 27, 2023, to enforce the 2020 orders, which again was never served with process. *See* Declaration of Tang,

4

ECF Doc 2-1 at p. 4, paras 5-6. This second petition falsely represented to the court that Mr. Lee was a Debtor "domiciled in Hong Kong" and within 3 years "has been ordinarily resident and/or having carried on business in Hong Kong." *See* ECF Doc. 2-5 at p. 3, para. 1. The second petition seeks to enforce the orders of June 9, 2020 and December 18, 2020, for what appear to be costs for the companies in the long discharged case. A document produced by Plaintiff Tang in the California litigation shows a letter in his files that he was informed in at least 2021 that Mr. Lee was no longer subject to Hong Kong jurisdiction and had not been served. *See* Exhibit 8.

Mr. Lee is not bankrupt. Mr. Lee is not engaged in any foreign bankruptcy proceeding. Plaintiffs' petitions in 2020 and 2023 are new suits related to a discharged case that were never served to Mr. Lee. Mr. Lee denies having ever participated in these cases and denies having signed any documents. *See* Exhibit 2, affidavit.

Mr. Lee does not meet the definition of a "debtor" because he is not subject to a foreign proceeding. *See* 11 U.S. Code § 1502. There is no foreign main proceeding to certify because Hong Kong is not the country where Mr. Lee has "the center of its main interests." *See id*. Likewise, there is no foreign nonmain proceeding, because Hong Kong is not a country where Mr. Lee "has establishment" or carries out economic activities. *See id*. Accordingly, the Court cannot issue an order recognizing a foreign proceeding as either main or nonmain under 11 USC § 1517.

Plaintiffs are improperly asking this Court to rule that Mr. Lee can never leave Hong Kong, but must return at any time that Plaintiffs file a new suit against Mr. Lee. Plaintiffs fail to cite any case or law that reach such an unjust result. Plaintiffs' suit is a blatant attempt to evade the protections of civil procedure law.

Further, Mr. Lee is involved in a litigation here in Harris County as a Plaintiff for the loss of ROY 3300 Main Investor, LLC's ("ROY LP") investment of around $34.5 million as a limited

5

partner in a mixed-use apartment tower at 3300 Main St., Houston, TX 77002, with total capital of $129.85 million.  *See* Exhibit 6, First Amended Petition.  Counterclaims have recently been filed against Mr. Lee personally, which he will defend.  *See* Exhibit 7.  Plaintiff Tang from Hong Kong has no right to interfere with these proceedings or to cut deals with other parties in that case to Mr. Lee's prejudice.  Plaintiffs' certificate of service to the parties of the 3300 Main lawsuit shows their intent.  Plaintiffs cannot abuse bankruptcy law to cause a stay the 3300 Main lawsuit, or worse, to actually take over litigation under 11 U.S.C. § 1520, which permits "the foreign representative may operate the debtor's business."

Plaintiffs seek to take over a pending litigation, without serving process to Mr. Lee, either here or in Hong Kong, while lying to a Hong Kong court about Mr. Lee's residency, and providing no discovery of what they have done.  ECF Doc. 9.  Plaintiffs have not provided a copy of the document filed under seal in this Court by their ex-parte emergency motion.  The Court should not permit Plaintiffs' abuses.  Ruling for Plaintiffs would permit them to hold Mr. Lee hostage in Hong Kong for the rest of his life in contradiction of a court order in 2005 that he was discharged.  Plaintiffs fail to cite any law that would justify such a result.

Plaintiff further states that the Hong Kong court did not have jurisdiction over Mr. Lee as he had left Hong Kong and was not served there.  There is a lack of procedural due process and a lack of fundamental fairness, under the due process clauses of the US Constitution, Amendments five and fourteen.  Federal Rules of Civil Procedure 12(b)(1) and (2) protect against cases that lack subject-matter jurisdiction or personal jurisdiction, respectively.  The Hong Kong Orders lacked both grounds of jurisdiction, and are fundamentally unfair under US law.

For these reasons, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) or 11 USC § 1517.

## C. Plaintiffs fail to state a claim under Rule 12(b)(6) or Chapter 15 because the two-year statute of limitations has expired.

11 U.S.C. § 108(a) grants two years for a trustee in bankruptcy to commence actions in the interests of the estate. *See, e.g., In re Fairfield Sentry Ltd.*, 452 B.R. 52, 58, 2011 Bankr. LEXIS 1895, *12-16 (Bankr. S.D.N.Y., 2011) (granting two-years to act). 11 U.S.C. § 108(b) provides a short extension of time for filing pleadings, curing defaults, and performing other acts on behalf of the debtor. *See id*. 11 U.S.C. § 103(a) "unambiguously states that 'this chapter,'—chapter one—applies in its entirety," including to Chapter 15. *See id*.

Here, Plaintiffs are 17 years too late. Mr. Lee was discharged from the Hong Kong bankruptcy on May 8, 2005.[1] *See* Exhibit 1 (Certificate of Discharge from October 2012). Similarly, Plaintiffs orders from 2020 are two years too late. Plaintiffs attempt to evade these issues by filing suit against Mr. Lee again in 2023 in Hong Kong, while lying to the Court that Mr. Lee is in Hong Kong when he is not. *See* ECF Doc 2-5 (2023 false statement by Plaintiffs that Mr. Lee resided in Hong Kong); compare Exhibit 8 (2021 letter in Plaintiffs' files stating there was no jurisdiction in Hong Kong and no service of process). However, the 2023 lawsuit is predicated on enforcing the orders from 2020.

As discussed above, Plaintiffs' 2020 filings are new summons issued to Mr. Lee, more than 15 years after he was discharged. They are not orders of any pending bankruptcy of Mr. Lee. Plaintiffs fail to cite any law that would permit them to go back so long ago and make new claims on a discharged case. Plaintiffs fail to state a claim under Rule 12(b)(6). Plaintiffs claims should be dismissed as untimely.

---

[1] Texas has a four-year statute of limitations for debt under TEX. CIV. PRAC. & REM. CODE § 16.004.

**D. Plaintiffs' Seven Factor test fails.**

Plaintiffs Petition contends that they meet a seven-part test. *See* ECF Doc 2 at p. 6, para. 16, citing "*ABC Learning Centres*, 728 F.3d at 307-08; *In re Betcopr Ltd.*, 400 B.R. 266, 276-77 (Bankr. D. Nev. 2009); *In re Ashapura Minechem Ltd.*, 480 B.R. 129, 136 (S.D.N.Y. 2012)." Plaintiffs do not pass these elements, for the reasons discussed above. Each element is addressed below:

Defendant disputes the (1) Existence of a proceeding, (2) that is Judicial or administrative in nature, and (3) collective in nature – Mr. Lee was discharged from bankruptcy in May 2005. See Exhibit 1. He has not refiled. There is no pending bankruptcy in Hong Kong. A plaintiff filing a new summons in 2020, more than four years after Mr. Lee left the jurisdiction, does not create an insolvency proceeding for collections. Because Plaintiffs had no jurisdiction over Mr. Lee in Hong Kong in 2020, the default orders they took are not enforceable. There is no judicial proceeding for collections.

While (4) the proceeding is in a foreign country of Hong Kong, it is not properly brought in Hong Kong years after Mr. Lee left.

Plaintiffs fail to show (5) the proceeding is authorized or conducted under a law related to insolvency or the adjustment of debts. Mr. Lee was discharged in 2005 and more than 15 years expired before Plaintiffs in 2020 filed new summons seeking costs for other companies. Mr. Lee had left Hong Kong in 2016, more than four years previously. Mr. Lee was discharged from bankruptcy in 2005 and has not filed for bankruptcy. There is no procedure related to his insolvency or to adjust his debts.

Plaintiffs fail to show (6) The debtor's assets and affairs are subject to the control or supervision of a foreign court. Mr. Lee had left Hong Kong more than four years before Plaintiff

8

sought new summons against him. Plaintiffs have not served process in Hong Kong. Mr. Lee is not a debtor in a foreign proceeding.

Plaintiffs fail to show (7) the proceeding is for the purpose of reorganizing or liquidation. Mr. Lee was discharged from bankruptcy in 2005 and has not filed for bankruptcy. Mr. Lee is not a debtor in a foreign proceeding. There is no procedure related to his insolvency or to adjust his debts.

Plaintiffs' case should be dismissed under the test that Plaintiffs propose.

### IV. Statement Opposing Provisional Relief

If the Court does not dismiss this case, at the very least, Plaintiffs are not entitled to provisional orders for the reasons stated above.

### V. In the Alternative, Motion to Stay pending California Litigation or to Permit Discovery from Plaintiffs

If the Court does not dismiss the case, Defendant Mr. Lee asks that either the case be stayed pending the outcome of Plaintiffs' California litigation against Mr. Lee, which will determine the procedural due process issues raised by a foreign order that was not served. This case is more appropriately brought as a petition to domesticate a foreign order, and not a Chapter 15 bankruptcy recognition for a person who does not reside in Hong Kong. *See Colorado River Conservation vs. United States*, (1976) 424 U.S. 800.

Under *Colorado River*, concurrent filing in state court and federal court is allowed. Federal courts have an obligation to exercise jurisdiction even if there is a pending state court action. However, under Colorado River, considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236, may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same

matter, *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993). "[E]xact parallelism" is not required; "[i]t is enough if the two proceedings are `substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

When applying *Colorado River*, the Fifth Circuit employs a six-factor test. *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 798 (5th Cir. 2014). Courts consider "whether exceptional circumstances warrant abstention," in light of the following factors: (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Id*. (quoting *Stewart v. Western Heritage Insurance Company*, 438 F.3d 488, 491 (5th Cir. 2006)).

Here, Plaintiffs have already instituted and are litigation a case in California for whether the orders at issue here can be enforced in the United States. The procedural due process concerns are being litigated now. The first, third, fourth, and sixth factors are met. A stay would also allow discovery to continue and the parties to take discovery. Under the fifth factor, Chapter 15 bankruptcy law does not apply to Mr. Lee who is not a resident of Hong Kong, and thus there is no foreign main or nonmain certification possible.

Further, the Fifth Circuit has specifically recognized that district courts have inherent power to stay a federal lawsuit in favor of a concurrent state court proceeding even when other standards for abstention are not strictly met. *See Fishman Jackson PLLC v. Israely,* 180 F. Supp. 3d 476, 484-485 (N.D. Tex. 2016), citing *Landis v. North American Co*., 299 U.S. 248, 57 S. Ct. 163, (1936).) ("Apart from [*Colorado River*] abstention, the Court enjoys the inherent power to

10

stay proceedings before it, 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'").

Alternatively, Plaintiffs' provisional hearing should not be granted at this time and discovery should be allowed, whether here or in California, of what Plaintiffs have done in Hong Kong. Plaintiffs have not disclosed what they filed to summon Mr. Lee in Hong Kong or why they believe they can seek claims 19 years after Mr. Lee was discharged and after he left Hong Kong in 2016.

## VI. Conclusion

WHEREFORE PREMISES CONSIDERED, Plaintiffs' case should be dismissed. At the very least, Plaintiffs are not entitled to provisional orders. If the Court does not dismiss the case, Defendant Mr. Lee requests.

Respectfully submitted,

SCHREIBER | KNOCKAERT, PLLC.

/s/ *Erik Knockaert*
Erik A. Knockaert
Texas Bar Number: 24036921
S.D. Tex. No. 36255
Joseph M. Schreiber
Texas Bar Number: 24037449
S.D. Tex. No.: 36101
701 North Post Oak Rd., Ste 325
Houston, Texas 77024
Phone 281-949-8895
Fax 281-306-0340
erik@lawdoneright.com
joe@lawdoneright.com

Counsel for Defendant SF Siegfried Lee

**Certificate of Service**

I hereby certify that on this day of <u>September 19, 2024</u> a true and correct copy of the foregoing was served on Plaintiffs to their attorney of record by the Court's electronic filing system.

<u>*/s/ Erik Knockaert*</u>
Erik Knockaert