**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 15 |
| SIU-FUNG CERAMICS HOLDINGS LIMITED (HCCW no. 279 of 1999); | ) |
| | ) Case No. 24-33299 (CML) |
| | ) |
| SIU-FUNG CERAMICS CONCEPT COMPANY LIMITED (HCCW no. 280 of 1999); | ) |
| | ) |
| NHD SYSTEMS (HOLDINGS) LIMITED (HCCW no. 277 of 1999); | ) |
| | ) |
| NHD SYSTEMS (ASIA) LIMITED (HCCW no. 278 of 1999) | ) |
| | ) |
| SIU FUNG CONCEPT LIMITED (HCCW no. 510 of 2000); | ) |
| | ) |
| LEE SIU FUNG, SIEGFRIED (HCB no. 345 of 2001); | ) |
| | ) |
| LEE SIU FUNG, SIEGFRIED (HCB no. 454 of 2023), | ) |
| | ) |
| Debtors in Foreign Proceedings. | ) |
| | ) |

**FOREIGN REPRESENTATIVES' OPPOSITION TO SF SIEGFRIED LEE'S MOTION TO DISMISS UNDER RULE 12(B) AND RESPONSE TO NOTICE OF HEARING, OR IN THE ALTERNATIVE, MOTION TO STAY PENDING PLAINTIFF'S CALIFORNIA LAWSUIT**

Alan CW Tang (**"Tang"**), Anita CM Hou (**"Hou"**) and Terry LK Kan (**"Kan"**) of

Shinewing (HK) (**"Shinewing"**), the duly appointed Joint and Several Liquidators and/or

Trustees and authorized foreign representatives (the **"Foreign Representatives"**) of the above-

captioned debtors (the **"Debtors"**), which are the subject of proceedings (the **"Hong Kong**

**Proceedings"**), hereby file their opposition (this **"Opposition"**) to SF Siegfried Lee's (**"Lee Debtor"**) Motion to Dismiss (**"Lee MTD"**) under Rule 12(b) and Response to Notice of Hearing (**"Lee Response"**), or in the alternative, Motion to Stay (**"Stay Motion"**) Pending Plaintiff's California Lawsuit and, in support thereof, states as follows.

## I.      SUMMARY

This Opposition primarily addresses the misplaced and wholly unsupported Lee MTD and Stay Motion. Although this Opposition does address aspects of the allegations and arguments raised in the Lee Response, discovery has just commenced in this matter. The Foreign Representatives intend to supplement this Opposition with further facts and argument developed through the course of discovery. Accordingly, the Foreign Representatives will supplement this Opposition and offer further argument, as previously directed by the Court, in advance of the hearing on recognition (**"Recognition Hearing"**) scheduled for November 20, 2024. Foreign Representative, Alan Tang, has arranged to attend the Recognition Hearing.

## II.     BACKGROUND

On July 19, 2024, the Foreign Representatives commenced this action by filing an *Involuntary Chapter 15 Petition for Recognition of a Foreign Proceeding* (the **"Involuntary Petition"**) [Dkt. No. 1] against the Debtors. At the same time, the Foreign Representatives filed the *Verified Petition Pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1519, 1521, and 1525 for Entry of an Order Recognizing Foreign Proceedings and Granting Provisional Relief (Discovery)* [Dkt. No. 2] (the **"Verified Petition"**).  The Verified Petition and supporting exhibits (**"Exhibits"**) set forth in detail the history of the foreign proceedings of the Debtors (**"Foreign Main Proceedings"**)and the facts which support the Foreign Representatives' request for recognition of the Foreign Main Proceedings in the United States. The Verified Petition,

Exhibits and all related papers and pleadings filed therewith ("**Petition for Recognition**") are incorporated herein by reference as if fully set forth at length.

On September 19, 2024, the Lee Debtor filed the Lee MTD, Stay Motion and the Opposition (collectively, the **"Lee Opposition Pleadings"**). [Dkt. No. 18]. The Foreign Representative address each of the Lee Opposition Pleadings herein in turn.

## III.    FOREIGN REPRESENTATIVES' OPPOSITION TO THE LEE MTD

### A.    F.R.C.P. 12(b)(4)(6) is Inapplicable to the Petition for Recognition

Federal Rule of Procedure 12(b)(4)(6), made applicable to bankruptcy **adversary proceedings** by F.R.B.P. 7012(b), permits a **defendant** to raise the defenses of failure of process and to state a claim upon which relief may be granted by motion. The Lee Debtor is not a defendant in an adversary proceeding, at least not at this juncture. There is no provision in the Bankruptcy Rules or Code which would deem a petition for Chapter 15 recognition an adversary proceeding.

In fact, F.R.B.P. 7001 sets forth the matters which are considered adversary proceedings as follows:

Rule 7001. Scope of Rules of Part VII.

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), [1] (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

Certain sections of F.R.B.P. 7001 are made applicable to Chapter 15 proceedings under

F.R.B.P. 1018, but Rule 7012 is not one of them. F.R.B.P. 1018 states:

> Unless the court otherwise directs and except as otherwise prescribed in Part I of these rules, the following rules in Part VII apply to all proceedings contesting an involuntary petition or a chapter 15 petition for recognition, and to all proceedings to vacate an order for relief: Rules 7005, 7008–7010, 7015, 7016, 7024–7026, 7028–7037, 7052, 7054, 7056, and 7062. The court may direct that other rules in Part VII shall also apply. For the purposes of this rule a reference in the Part VII rules to adversary proceedings shall be read as a reference to proceedings contesting an involuntary petition or a chapter 15 petition for recognition, or proceedings to vacate an order for relief. Reference in the Federal Rules of Civil Procedure to the complaint shall be read as a reference to the petition.

The Court has not "otherwise directed."  The Lee MTD should be denied on this basis

alone as there are no procedural grounds for the Lee MTD. For purposes of the record, however,

and without prejudice to the foregoing argument, the Foreign Representatives will briefly

address the 12(b)(4)(5) and (6) arguments of the Lee Debtor.

**B.      The Lee Debtor's 12(b)(4)(5) Arguments Are Simply Wrong.**

Contrary to that stated by the Lee Debtor, F.R.B.P. 7004 does not apply to this proceeding under F.R.B.P. 1018. The Court has not directed otherwise. The final comment to F.R.B.P. 1010 states:

COMMITTEE NOTES ON RULES—2016 AMENDMENT

Subdivision (a) of this rule is amended to remove provisions regarding the issuance of a summons for service in certain chapter 15 proceedings. **The requirements for notice and service in chapter 15 proceedings are found in Rule 2002(q)**(emphasis supplied).

Accordingly, there is no requirement under the Federal Bankruptcy Rules for the Foreign Representatives to serve the Petition for Recognition with a Summons personally on the Lee Debtor. The Lee MTD should be denied as to his 12(b)(4) argument.

As to the Lee Debtor's 12(b)(5) argument, that personal service of the Petition for Recognition is required here, that argument is also incorrect. F.R.B.P. 1018 makes applicable F.R.B.P. 7005, which in turn incorporates F.R.C.P. 5 in an adversary proceeding. A Chapter 15 Petition is not an adversary proceeding unless, according to some courts, it seeks injunctive relief. [1]

Contrary to the apparent argument by the Lee Debtor, the Foreign Representatives do not seek "gap period" injunctive relief. They seek an order of recognition and simple discovery on the Petition and Opposition.

Under F.R.B.P. 2002(q), the Petition for Recognition is noticed by the Court upon filing as follows:

> (q)(1) *Notice of Petition for Recognition.* After the filing of a petition for recognition of a foreign proceeding, the court shall promptly schedule and hold a hearing on the petition. The clerk, or some other person as the court may direct, shall forthwith give the debtor, all persons or bodies authorized to administer foreign

---

[1] Some courts require an adversary proceeding where the Chapter 15 Petition seeks relief under 11 USC 1519 while others do not. See, https://www.jonesday.com/en/insights/2019/12/chapter-15-gap-period-relief.

> proceedings of the debtor, all entities against whom provisional
> relief is being sought under §1519 of the Code, all parties to
> litigation pending in the United States in which the debtor is a
> party at the time of the filing of the petition, and such other entities
> as the court may direct, at least 21 days' notice by mail of the
> hearing. The notice shall state whether the petition seeks
> recognition as a foreign main proceeding or foreign nonmain
> proceeding and shall include the petition and any other document
> the court may require. If the court consolidates the hearing on the
> petition with the hearing on a request for provisional relief, the
> court may set a shorter notice period, with notice to the entities
> listed in this subdivision.

The Foreign Representatives filed a Notice of Recognition Hearing on Foreign Proceedings (**"Recognition Hearing Notice"**) with the Court. *Dkt.* 15. The Recognition Hearing Notice was mailed by counsel for the Foreign Representatives to the Lee Debtor, among others pursuant to the service lists provided and filed by counsel for the Foreign Representatives. *See, Dkt.* 15.  Additionally, counsel for the Foreign Representatives served the Lee Debtor, among others with the Petition for Recognition at a myriad of the Lee Debtor's "last known addresses." These are addresses which he has used at various times in court proceedings in Hong Kong, in corporate filings and documents and in the United States, including in Pasadena, California and Sugar Land, Texas, where the Lee Debtor purports to maintain residency. *See, Certificate of Service and Supplemental Certificate of Service, Dkts. 11 and 14.*

Finally, even under F.R.B.P. 7004 and 7005, service is proper on the Lee Debtor when made by regular mail. Under Rule 7004, in addition to the methods of service authorized by Rule 4(e)– (j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows: (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." F.R.B.P. 7004(b). This is consistent with F.R.B.P. 2002(q). The Lee MTD under 12(b)(4)(5) fails as a matter of law.

### C.      The Lee MTD Under 12(b)(6) Also Fails as a Matter of Law

The Lee MTD fails under subsection (b)(6). In the Lee MTD, Mr. Lee states that:

> In 2012, Mr. Lee obtained a certificate from the Hong Kong court,
> recognizing that his discharge was effective on May 8, 2005. See
> Exhibit 1. There are no orders for payment. The court did not
> retain jurisdiction. Mr. Lee was discharged. Mr. Lee is a British
> citizen. In 2014, Mr. Lee obtained a B2 visa and founded a
> company in the United States (Roy USA, Inc.). In August 2016,
> Mr. Lee completely left Hong Kong and moved to California on an
> F2 visa. Mr. Lee does not own any property in Hong Kong. Mr.
> Lee obtained an L1 visa in November 2018 (extended in
> November 2021), and an I-140 in January 2022. Mr. Lee has not
> set foot in Hong Kong since at least when Covid started, which
> was in January of 2020, prior to the orders that Plaintiffs seek to
> enforce. Lee MTD, page 4.

However, the issue before the Court in considering recognition is not whether a discharge has been granted to the Lee Debtor. The issue is whether there is an insolvency proceeding of a collective nature pending in Hong Kong relating to the Lee Debtor. The answer to this question is resoundingly yes but the Lee Debtor simply chooses to ignore all of the verified proof in the Petition for Recognition and Exhibits to the contrary. Although the Lee Debtor's bankruptcy proceeding remains active and pending in the Hong Kong High Court, even if the case was closed, this Court would still have grounds to grant recognition to the Foreign Representatives as several Bankruptcy Courts have ruled to this effect. See, e.g., *In re PT Bakrie Telecom Tbk*, 601 B.R. 707 (Bankr. S.D.N.Y. 2019). Courts have recognized foreign insolvency proceeding even years after closure of the case. *Id*.

The foregoing statements by Mr. Lee contain, at best, inaccuracies of fact and clear misstatements of Hong Kong law. The Foreign Main Proceedings of the Lee Debtor (there are two now pending despite his protestations to the contrary), as well as the other Debtors, remain pending and in liquidation in Hong Kong. Hearings continue in Hong Kong on all of the

229512066 v3

Debtors' proceedings as reflected in the Petition for Recognition and Exhibits (*see, e.g.*, Exhibit "F").

The Petition for Recognition and Exhibits have been verified by Mr. Tang. This includes, but is in no way limited to the Lee Debtor's failure to cooperate with the Foreign Representatives in their continuing efforts to administer the Hong Kong equivalent of the bankruptcy estates of the Lee Debtor and the other Debtors. Mr. Lee has a continuing duty of cooperation in his bankruptcy in Hong Kong despite his perfunctory discharge. *See, e.g*., various provisions of the Hong Kong Bankruptcy Ordinance requiring the Foreign Representatives to continue to investigate and recover assets of the bankrupt despite his/her discharge. Further, the bankrupt has a continuing duty under Hong Kong law (as also found here by the High Court in Hong Kong) to cooperate in such investigations by the Foreign Representatives who have the power to "call back" the debtor to Hong Kong for such purposes.

As demonstrated by Exhibit "K", there is an "order for payment" issued by the insolvency Court in Hong Kong in favor of the Foreign Representatives and against the Lee Debtor. However, contrary to the Lee Debtor's representation to this Court, this is not the only outstanding of the Lee Debtor's bankruptcy in Hong Kong. The Lee Debtor has refused to cooperate with the Foreign Representatives in their discovery efforts, which include their continuing obligation to creditors of the Lee Debtor to seek to recover assets of Mr. Lee and other Debtors.

The Foreign Representatives will establish at the hearing on recognition that Mr. Lee has continually evaded such duties in his bankruptcy. They will further establish that, subsequent to his discharge, Mr. Lee monetized assets (unbeknownst to the Foreign Representatives) and transferred the proceeds from such undisclosed efforts to, among other places, the United States.

229512066 v3

This has been reported to the Court in Hong Kong and will be proven at trial of this matter.  The Foreign Representatives will present evidence of the Lee Debtor's pervasive fraud on them, the Court in Hong Kong and Mr. Lee's creditors. They will further present evidence of the Lee Debtor's outright refusal to abide by discovery obligations in his bankruptcy.

Another argument by the Lee Debtor in support of his 12(b)(6) motion is that he is no longer a resident of Hong Kong. However, this assertion by Mr. Lee does not go to whether there are grounds for the Petition for Recognition. This matter goes to whether the foreign proceedings of the Lee Debtor are foreign main or non-main proceedings.

The Lee Debtor's COMI is an issue for trial. Even if the Lee Debtor supports his assertions with verifiable facts, for instance that his permanent residence is now allegedly in the United States, as opposed to Hong Kong, this is not the end of the inquiry. The Foreign Representatives will advance factual and legal arguments that the Lee Debtor's COMI is in Hong Kong.

First, Mr. Lee readily admits that for the vast majority of his bankruptcy case in Hong Kong, through at least 2016 (according to Mr. Lee), he did reside in Hong Kong. Mr. Lee now claims that he has shifted his COMI to the United States, apparently in his pursuit of the "American dream." However, this more recent alleged shift in Mr. Lee's COMI does not preclude this Court from looking back in time where the Debtor has shifted his COMI in bad faith, which the Foreign Representatives will establish is this case here. See, *In re Fairfield Sentry Ltd.*, 714 F.3d at 137 (A court may be allowed a look back period in certain situations when there is bad faith on behalf of the debtor who manipulated their COMI).

Further, Courts have flexibility when it comes to determining COMI. There are various factors which the Court will consider in determining a debtor's COMI. In fact:

229512066 v3

> …. the location of COMI is open-ended and fact specific to each
> case. Some of the factors courts will examine when determining
> the location of COMI are: [1] the location of the debtor's
> headquarters; [2] the location of those who actually manage the
> debtor (which, conceivably could be the headquarters of a holding
> company); [3] the location of the debtor's primary assets; [4] the
> location of the majority of the debtor's creditors or of a majority of
> the creditors who would be affected by the case; [5] and/or the
> jurisdiction whose law would apply to most disputes. "While each
> of these factors is a 'helpful guide' in determining a debtor's
> COMI, the factors are not exclusive, and none of the factors is
> required nor dispositive. *In re Olinda Star Ltd.*, 614 B.R. 28, 41
> (Bankr. S.D.N.Y. 2020).

Since the Lee Debtor purportedly left Hong Kong, in furtherance of his own bad faith purposes, the Foreign Representatives have nonetheless administered Mr. Lee's bankruptcy in Hong Kong despite Mr. Lee's supposed absence. Further, the majority of the Lee Debtor's creditors are in Hong Kong and Hong Kong insolvency law will clearly apply in this case.

In any event, the Foreign Representatives will also present evidence that the Lee Debtor has continued to do business in China and such business is not merely transitory in nature as he claims. Among other matters, the evidence will show that the Lee Debtor has continued to operate a holding company in Hong Kong, executed documents as the main officer of such company, received income from such company, including tax refunds. The statement that the Lee Debtor has had no recent business dealings in Hong Kong is false.

Even if the Court does not deny the Lee MTD on procedural grounds, which is should, there are plenty of factual and legal issues for hearing of this matter which cannot be decided on a motion to dismiss basis. The Court should deny the Lee MTD.

## IV.   THE LEE MOTION TO STAY PROCEEDINGS IS COMPLETELY UNFOUNDED

In support of the Lee Stay Motion, the Lee Debtor makes the following argument:

> If the Court does not dismiss the case, Defendant Mr. Lee asks that
> either the case be stayed pending the outcome of Plaintiffs'
> California litigation against Mr. Lee, which will determine the

229512066 v3

procedural due process issues raised by a foreign order that was not served. This case is more appropriately brought as a petition to domesticate a foreign order, and not a Chapter 15 bankruptcy recognition for a person who does not reside in Hong Kong. See *Colorado River Conservation vs. United States*, (1976) 424 U.S. 800. Lee MTD at page 9.

The Lee Debtor then provides his analysis of the factors set forth in *Colorado River Conservation*. However, this Court need not conduct such an analysis. The purpose of this Chapter 15 is squarely that the Foreign Representatives need assistance from this Court to help them administer the insolvency proceedings in Hong Kong of Mr. Lee and other Debtors. The Debtors are not cooperating with the Foreign Representatives who need assistance from this Court to continue their investigation and recovery of assets of the Debtors, including those fraudulently transferred by the Lee Debtor to the United States.

The fact that the Foreign Representatives have a collection action pending in California is not the type of action which would allow this Court to find bad faith for purposes of 11 U.S.C. 1506. It is not even all that clear whether the Lee Debtor is seeking to invoke the "public policy" exception under this section of Chapter 15. Even if this proceeding was filed as a "litigation tactic," which it was not, this alone would not support a finding of bad faith. Judge Garrity held as much when he wrote that "courts have generally found that section 1506 does not prohibit recognition in situations where the debtor has engaged in bad faith." *Id.* at *15 (citing *In re Manley Toys Ltd.*, 580 B.R. 632, 648 (Bankr. D.N.J. 2018), *aff'd*, 597 B.R. 578 (D.N.J. 2019); *In re Creative Fin. Ltd.*, 543 B.R. 498, 515 (Bankr. S.D.N.Y. 2016)). Instead, Judge Garrity explained that the question under section 1506 is not whether the debtor's actions violate public policy, but whether the foreign court's procedures and safeguards fail to comport with U.S. public policy.

Judge Garrity acknowledged that there was evidence to show that the foreign representatives filed the chapter 15 petition as part of their "litigation strategy" to bring an end to the NY litigation and that "the admitted, and apparently entire, purpose of the present chapter 15 filing" was to prevent the plaintiffs from continuing the lawsuit. *Id.* at *15. However, he faulted the plaintiffs' reliance on case law finding bad faith as "cause" for dismissing chapter 11 cases under section 1112(b) of the Bankruptcy Code. Unlike in chapter 11, Judge Garrity reiterated, recognition under chapter 15 is subject to the public policy exception of section 1506, which considers not whether the actions of the debtor violate public policy, **but whether the foreign court's procedures and safeguards fail to comport with U.S. public policy**. (emphasis supplied). In the absence of any such allegations, Judge Garrity held that the alleged bad faith was not a basis to deny chapter 15 recognition. Judge Garrity accordingly granted the petition for recognition of the Bermuda liquidation proceeding under chapter 15 as a foreign main proceeding. *In re Culligan Ltd.*, 2021 WL 2787926 (Bankr. S.D.N.Y. July 2, 2021)

Here, the Lee Debtor seems to argue that the Foreign Representatives have instituted a "Federal" lawsuit. That is simply not correct. This Chapter 15 is an ancillary proceeding to several ongoing insolvency proceedings in Hong Kong. It is not a concurrent litigation proceeding over any a "res." It is a proceeding which the Foreign Representatives bring in order to obtain assistance from this Court to require the Debtors to cooperate in the Hong Kong Proceedings.

Further, this Chapter 15 is, in fact, the Foreign Representatives continuation of their mandate to find and recover assets belonging to the Debtors in the United States and, most likely, elsewhere, through the fraudulent actions and conduct of the Lee Debtor. This is a very typical purpose of foreign representatives filing Chapter 15 proceedings.

As to the "Colorado River" factors, to the extent they are even relevant here, the Foreign Representatives respond as follows:

(1) **<u>Assumption by either court of jurisdiction over a res</u>**; the Bankruptcy Court is not assuming jurisdiction over a res. It is determining whether or not the insolvency proceedings of the Debtors in Hong Kong are such that they warrant recognition here in the United States. (2) **<u>Relative inconvenience of the forums</u>**; Houston is not an inconvenient forum for Mr. Lee. According to his Opposition, he maintains a significant interest in a large office complex here and his driver's license represents that his residence is in Sugarland, Texas. (3) **<u>Avoidance of piecemeal litigation</u>**; the purpose of the Chapter 15 is not to litigate a collection action, as stated. (4) **<u>The order in which jurisdiction was obtained by the concurrent forums</u>**. The Foreign Representatives filed the Chapter 15 after the collection action in California. They do not dispute this but fail to see the relevance of the order of the proceedings because they are not parallel collection proceedings. (5) **<u>To what extent federal law provides the rules of decision on the merits</u>**; the Chapter 15 is governed by the insolvency laws of  the United States and, for the most part, the substantive insolvency laws and regime of Hong Kong; the State Court action in California is a simple collection action. (6) **<u>The adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction</u>**; the Foreign Representatives believe the answer to this is self-evident. Their rights are not "adequately protected in the State Court action. That Court does not have the power to assist the Foreign Representatives in their efforts to administer the Hong Kong Proceedings, including recover of assets of the Debtors in the U.S.

Even if the Court considers the Colorado River factors, they favor the Foreign Representatives, not the Lee Debtor. The Court should deny the Lee Stay Motion.

229512066 v3

## V.      CONCLUSION.

On that basis, the Foreign Representatives respectfully submit that the Court should deny the Lee MTD and Lee Stay Motion.

Dated:  October 11, 2024

By:  */s/ Stephen M. Packman*

Stephen M. Packman, Esquire
Jiangang ("James") Ou, Esquire
Brian M. Gargano, Esquire
**ARCHER & GREINER, P.C.**
3040 Post Oak Boulevard
Suite 1800-150
Houston, TX 77056-6541
Phone:  (713) 970-1066
Fax:  (713) 583-9518
spackman@archerlaw.com
jo@archerlaw.com
bgargano@archerlaw.com

*Attorneys for Foreign Representatives*

229512066 v3