IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> SIU-FUNG CERAMICS HOLDINGS § <br> LIMITED § <br> (HCCW no. 279 of 1999); § <br> § <br> SIU-FUNG CERAMICS CONCEPT § <br> COMPANY LIMITED § <br> (HCCW no. 280 of 1999) § <br> § <br> NHD SYSTEMS (HOLDINGS) LIMITED § <br> (HCCW no. 277 of 1999) § <br> § <br> NHD SYSTEMS (ASIA) LIMITED § <br> (HCCW no. 278 of 1999) § <br> § <br> SIU FUNG CONCEPT LIMITED § <br> (HCCW n. 510 of 2000) ; § <br> § <br> LEE SIU FUNG, SIEGFRIED § <br> (HCB n. 345 of 2001) § <br> § <br> LEE SIU FUNG, SIEGFRIED § <br> (HCB n. 454 of 2023) § <br> § <br> [*INCORRECTLY IDENTIFIED AS*] § <br> Debtors in Foreign Proceedings. § | Chapter 15 <br><br> Case 24-33299 |

**Alleged Debtor Siegfried Lee's Comments on the Evidence and Hong Kong Law**

Alleged Debtor Siegfried Lee concurrently files his Exhibit and Witness Lists in preparation for the Hearing on his Motion to Dismiss Rule 12(b) and opposing a Recognition Hearing on Foreign Proceedings. This brief summarizes what was learned in preliminary discovery.

i

## Table of Contents

I. Summary ........................................................................................................................... 1

II. Main Points from Discovery ............................................................................................ 1

   A. Siegfried Lee has not returned to Hong Kong since 2019 and had no economic activity there prior to suit. ............................................................................................................... 1

   B. Tang is a creditor, not a trustee for the 2023 Hong Kong case, for which bankruptcy has not been granted. .................................................................................................................. 3

   C. Expert Opinion on Hong Kong law: Discharge Means Discharge. ................................... 4

   D. Tang's suit against Siegfried Lee's brother in Hong Kong failed miserably, and Tang was adjudicated as lying to the Court. ........................................................................................ 5

   E. Tang's Endless Fishing Expedition is Not Supported by Chapter 15 ................................. 7

III. Conclusion ........................................................................................................................ 8

## I.  Summary

The preliminary discovery shows conclusively that Siegfried Lee has not visited Hong Kong since August 2019, owned nothing there, and did not have any involvement in Hong Kong economic activity prior to suit.  Despite Tang swearing under oath that he is a foreign representative for the 2023 case HSB No. 454, he admitted under deposition that he is a creditor instead.  For the 2001 bankruptcy, which was discharged in 2005, Tang is no longer operating as a trustee, but seeking to collect decades of his own alleged fees for himself.  Tang has no authority to seize assets from Siegfried Lee in Hong Kong or elsewhere.

Meanwhile, Tang has been adjudicated as a liar by the High Court in Hong Kong, when he sued the brother of Siegfried Lee on a similar matter, and the case was dismissed.

Under Hong Kong law, the discharge of the 2001 bankruptcy is a discharge.  Tang has no right to seize assets from Lee.  Tang's fallback is to argue that Hong Kong permits him to seek discovery forever.  However, Tang's request for an endless fishing expedition is fundamentally incompatible with Chapter 15, which would authorize him to seize assets from Mr. Lee and take over litigation.

## II.  Main Points from Discovery

**A. Siegfried Lee has not returned to Hong Kong since 2019 and had no economic activity there prior to suit.**

Location of the debtor is determined at the time Tang filed his Chapter 15 case in 2024. *See In re Modern Land (China) Co.*, 641 B.R. 768, 784 (Bankr. S.D.N.Y. 2022) (discussing whether debtor has an "establishment" in a country for a foreign non-main proceeding).

Hong Kong tracks when people enter and leave.  Mr. Lee has provided the official Hong Kong Statement of Travel Records showing that his last trip into or out of Hong Kong was in August of 2019.  Afterwards, he never returned.  *See* Ex. 1 herein (which is Exhibit 16 of the Exhibit List).

1

```
Arrival      Clearance   Control   Departure
Date         Time        Point     Date
----------   ---------   -------   ----------
16-08-2019   21:57:45    HZM       16-08-2019
No Further Movement
```

This corroborates exactly what Mr. Lee swore to by affidavit in his original motion to dismiss. In addition, Mr. Lee's Exhibit List includes an abundance of information showing his life in the United States, including utility bills, US Immigration documents showing him moving to the US in 2016, Drivers' Licenses, children's school tuition, a dissolution of marriage, and even his tax returns for the US and California. Tang admitted in deposition that Lee does not own assets in Hong Kong.

> Q **So by April of 2024, from your investigation, Lee had no known assets in Hong Kong**; at least him personally?
> A **Yes**. Not in his name, put it this way.

Exhibit 9 (of Amended Motion to Dismiss and Exhibit List) at 66:7-10. While Tang prevaricates in his answer to the preceding question about assets "in his name," up to the point of this briefing, Tang failed to produce any evidence at all showing that Mr. Lee has assets in Hong Kong that he owns and/or controls in someone else's name. This prevarication is emblematic of Tang's approach to this court and to other proceedings in Hong Kong, as shown on the attached order sanctioning Tang in Hong Kong for <u>lying to the Hong Kong court</u> in a related proceeding, and discussed below. Simply, Mr. Lee had no known assets in Hong Kong, personally, in April 2024, regardless of Tang's prevarication. Tang has been fishing wildly for anything to support his prevarication, but has nothing. And his fishing expedition needs to stop.

Accordingly, Mr. Lee's habitual residence in California is the center of his main interest – not Hong Kong. *See* 11 U.S.C. § 1516(c).

Tang also failed to provide evidence that would support a "foreign nonmain proceeding," which is when "the debtor has an establishment … in the foreign country where the proceeding is

2

pending." 11 U.S.C. § 1517(b)(2). "Establishment" means "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2). A mail-drop presence is not enough. *See In re Modern Land (China) Co.*, 641 B.R. at 784.

After moving to the United States, Mr. Lee worked for US subsidiaries of a company based in Germany named ROY Ceramics SE. As part of his duties, Lee monitored a subsidiary holding company named Lion Legend Holdings ("LLH"). By the time Tang filed this lawsuit, Lee was no longer a director of LLH. *See* Exhibit 2 herein (Exhibit 70, Certificate of Incumbency of the Exhibit List, dated before Tang's suit was filed on July 19, 2024). Accordingly, Lee no longer had any relationship to Hong Kong as of the date that legally matters.

Lion Legends Holdings is a Cayman Islands company. *See* the 2015 Annual Report of ROY Ceramics SE (Exhibit 75 and 84 of the Exhibit List). Lion Legends Holdings had a bank account in Hong Kong. In past years, Mr. Lee was a contact for LLH in the United States. *See* Exhibit 3 herein (Exhibit 73 of the Exhibit List, showing Lee's US address on a Morgan Stanley Account in 2022, which has since been closed).

This does not even amount to a mail-drop presence in Hong Kong, which was found insufficient by *In re Modern Land (China) Co.*, 641 B.R. at 784. Simply put: Tang fails to show that Lee had a nontransitory economic activity in Hong Kong at the time suit was filed, and thus he has no basis for suit. *See In re Modern Land (China) Co.*, 641 B.R. at 784.

**B. Tang is a creditor, not a trustee for the 2023 Hong Kong case, for which bankruptcy has not been granted.**

Despite Tang swearing under oath that he is a foreign representative and trustee for the 2023 case HSB No. 454 (to enforce 2020 Hong Kong court orders for attorney fees relating to a discovery dispute in 2016), it bears repeating that Tang admitted at deposition in this case that he is a <u>creditor, not a trustee</u>. This is not a misunderstanding by an unsophisticated party. Tang is an

3

officer of the court in Hong Kong, is experienced in bankruptcy proceedings, and knows the difference. It is typical of Tang, though, who was found to be a liar, and found lying to the court in Hong Kong in a related proceeding.

Tang's petition against Mr. Lee in Hong Kong has not been granted at present. (Exhibit 12 Court Note of the Exhibit List).

These are admissions from Tang's deposition in this case:

Q So as I understand it, **you, Ms. Hou, and Mr. Kan are not Trustees of this HCB Number 454 case that was filed in 2023**; is that correct?
A **Correct.**

Q And so you're not -- you're not listed as liquidators or representatives in that case from 2023; is that right?
A In that case, 454, **we are the petitioner**.

Q Yes. And so you filed the petition as creditors in the 2023 case; is that correct?
A Yes.

Q **But there is no court order appointing you as any kind of liquidator or Trustee in the 2023 case, correct?**
A **Correct**.

Exhibit 9 (Amended Motion to Dismiss and Exhibit List) at 4:11-25; *accord* 52:19-54:16; 58:9-19 (cannot be a creditor and trustee).

Accordingly, Tang's claims to be recognized a foreign representative of HSB no. 454 must be dismissed. Tang is not who he claims to be. This is a material admission. Tang must have the status he claims – and he knows that. He simply lied to this court as he lied to the Hong Kong court.

**C. Expert Opinion on Hong Kong law: Discharge Means Discharge.**

Tang also admitted that Mr. Lee was indeed discharged by the Hong Kong bankruptcy court in 2008, retroactive to 2005. In order to understand the effect of that dismissal under Hong Kong law, Mr. Lee engaged Alex Cheng, a solicitor in Hong Kong, who will testify as an expert

4

witness. Mr. Cheng's report is attached herein as Exhibit 4 along with his CV and legal citations in Exhibits 5 and 6. Mr. Cheng was asked three questions, and he made three points. First, Mr. Lee's order of discharge has the effect of releasing him from all the bankruptcy debts through the discharge of bankruptcy in 2005, under Hong Kong Bankruptcy Ordinance 32(2). While there is an exception for fraud, Tang has not been able to prove any fraud occurred despite running up enormous legal fees which Tang wants Mr. Lee to pay, in addition to upending Mr. Lee's life and making Mr. Lee hire undersigned counsel to defending Mr. Lee from Tang. Nothing acquired by Siegfried Lee after his discharge is subject to the management of the trustees in the Old Bankruptcy Case.

Second, the 2020 Hong Kong Orders to pay fees is not part of the bankruptcy estate from the Old Bankruptcy Case, because they happened after discharge. *See* Section 34(3) of the Hong Kong Bankruptcy Ordinance. Alan Tang is now a creditor, which is why he filed a new petition in Hong Kong. There is no current trustee for that case. Tang is certainly not the trustee.

Third, if Alan Tang did have evidence that money was fraudulently concealed **before** the discharge in 2005, then he would need to file a new claim. This is the wrong place and proceeding for that.

(Having received Tang's expert report from a Mr. Ong, these three points do not seem in dispute.)

Alan Tang did in fact pursue a suit in Hong Kong related to these matters. Tang filed suit against the ***brother*** of Siegfried Lee. However, that case was recently dismissed with a finding that Alan Tang **lied** to the Court, as discussed further below.

**D. Tang's suit against Siegfried Lee's brother in Hong Kong failed miserably, and Tang was adjudicated as lying to the Court.**

Plaintiff's case is largely based on Tang's testimony and credibility. He has no credibility.

5

Tang was recently found to have blatantly lied to the court in a related proceeding in Hong Kong, much as he lied to this court about his role as Trustee in the underlying case. *See* Exhibit 7 herein (Exhibit 12 on Lee's Exhibit list) The Hong Kong case lies were not a small lies and were not a miscommunication. The reasons for the court's findings are as important as the finding itself.

The Hong Kong Court begins its discussion on Page 9 with a section titled: "Mr. Tang" and goes through the reasons for its conclusion, but the conclusion is plain: Tang repeatedly lied to the court.

Tang was "Liquidator" who brought suit on an alleged loan involving Mr. Lee's brother. Tang was in possession of 350 boxes of documents and had a duty to go through those documents to find and produce relevant documents. He did not, and when confronted, claimed a lack of funding. This was not true. On cross examination, Tang admitted it was not true (page 12). Tang deliberately withheld responsive and material documents from the defendant. The court found the following:

> In addition to the blatant breaches of his disclosure obligations highlighted above, I accept that it is clear that **Mr Tang gave dishonest evidence to the Court under oath on numerous occasions**.

p. 13, emphasis added. The court then detailed the numerous times and ways that Tang "**lied on affirmation**" including in writing and in court during testimony under oath. (quote on p. 13, all the times he lied, pp. 13-16)

On page 17, the Court discussed Tang's sorry history in Hong Kong courts, noting that:

> Mr Tang is no stranger to controversy. He has been the subject of a disqualification application made by the Official Receiver and also a finding of contempt for failing to comply with his discovery obligations. Although he was not disqualified his conduct has been subject to serious criticism by a number of judges.

And

> [Tang] has shown a shocking indifference to his affirmation to tell the truth. (p. 18)

6

Tang has no credibility. He is about to be disqualified in Hong Kong from serving as a trustee and liquidator due to his dishonesty and discovery abuse. He is a serial liar. He has lied to Hong Kong courts. He has lied to this court about his role and position in this case. Tang has hounded Siegfried Lee and his family, abusing the court system on two continents now, running up massive legal fees that he wants to recover for himself (for the Hong Kong proceeding and for this one). This has to end. A Hong Kong judge ended it there. This court should end it here.

The Hong Kong court referred Tang to "the Official Receiver for her to consider commencing disqualification proceedings against Mr. Tang." Tang should not be allowed to testify here, or at the very least, the court should consider his history as a liar to courts when assessing the credibility of everything coming out of his mouth and signed under his name.

E. **Tang's Endless Fishing Expedition is Not Supported by Chapter 15**

What perhaps may be lost in Tang's quest for money and discovery is that this case is fundamentally limited in scope. Chapter 15 is meant for, and limited to, enforcement of foreign bankruptcy awards, to seize assets in the United States to pay bankruptcy estates in foreign jurisdictions. This limited purpose is lost in Tang's quest for ever more discovery and ever more investigation.

The underlying case was a bankruptcy that was discharged in 2005. Mr. Lee was discharged two decades ago. Tang went on a fishing expedition almost a decade later to try to find assets that he claimed were hidden fraudulently. He found nothing. The limited purpose of the case is to find money for Tang's fees for executing that fruitless search.

Tang is **not acting as a trustee** in that bankruptcy. He is simply seeking money to pay himself back for decades of alleged fees. Tang has no standing to bring this proceeding, which must be brought by a trustee in a pending bankruptcy. ***Tang knows this*** because he has spent decades acting as a trustee and liquidator in Hong Kong. Yet he has chosen to lie about this.

7

And now he wants to go further. He is chasing more discovery, more investigations in a quixotic quest which is just as pointless and successful as the one by the Don. It has to stop.

Simply put, Tang is not a trustee of a foreign bankruptcy court. He has no standing to bring this Chapter 15 proceeding. The bankruptcy case was discharged decades ago. Tang clearly doesn't have anything else to do than hound long-discharged debtors and their families. This court should not let Tang stray from the strictures and purposes of Chapter 15, even if he were the trustee, which he is not. It needs to stop.

### III. Conclusion

WHEREFORE PREMISES CONSIDERED, Tang's case should be dismissed. At the very least, Tang is not entitled to provisional orders.

Respectfully submitted,

SCHREIBER | KNOCKAERT, PLLC.

*/s/ Erik Knockaert*
Erik A. Knockaert
Texas Bar Number: 24036921
S.D. Tex. No. 36255
Joseph M. Schreiber
Texas Bar Number: 24037449
S.D. Tex. No.: 36101
701 North Post Oak Rd., Ste 325
Houston, Texas 77024
Phone 281-949-8895
Fax 281-306-0340
erik@lawdoneright.com
joe@lawdoneright.com

Counsel for Defendant SF Siegfried Lee

**Certificate of Service**

I hereby certify that on this day of February 5, 2025 a true and correct copy of the foregoing was served on Plaintiffs to their attorney of record by the Court's electronic filing system.

*/s/ Erik Knockaert*
Erik Knockaert

9